**Salvador BRUNO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–247–CR.**

Court of Appeals of Texas,
Houston (14 Dist.).

June 6, 1991.

Discretionary Review Granted
Sept. 11, 1991.

Dick Psenda, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Salvador Bruno appeals from a conviction for the offense of unauthorized use of a vehicle, enhanced by a prior felony conviction. The jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years, and a fine of $10,000. In six points of error, appellant complains of the insufficiency of the evidence, the validity of the indictment, and of fundamental defects in the court's charge to the jury. We affirm.

On June 12, 1989, complainant was to visit a friend after getting off from work. On the way to her friend's apartment, complainant stopped to buy gasoline at an Exxon station located in Houston. After pumping the gas, complainant decided to telephone her friend about renting a movie from a nearby video store. As she drove her car to the station's telephone booth, complainant noticed appellant sitting on a fence behind the telephones. Complainant made her call and started walking back to her car. At this point, appellant jumped off the fence and lunged toward her. Appellant then took complainant's car keys from her hand and got into her car. Complainant was able to retrieve her purse from the passenger seat of the car before appellant quickly drove off. Appellant was eventually apprehended the following morning after a high speed chase involving numerous patrol units and a police helicopter.

Appellant's first point of error complains that the evidence is insufficient to prove that he operated the vehicle within the confines of Harris County. Appellant argues that the evidence only shows that he operated the vehicle in the city of Houston, which spans three different counties. Appellant's contention is without merit.

The offense of unauthorized use of a vehicle may be prosecuted in any county where the unauthorized use of the vehicle occurred, or in the county in which the vehicle was originally reported stolen. TEX.CODE CRIM.PROC.ANN. art. 13.23 (Vernon Supp.1991). Venue is not a constituent element of the offense, and therefore, it need not be proved beyond a reasonable doubt. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App.1981). Venue need only be proved by a preponderance of the evidence, which may be established by direct as well as circumstantial evidence. TEX.CODE CRIM. PROC.ANN. art. 13.17 (Vernon 1977); *Black v. State*, 645 S.W.2d 789, 790 (Tex.Crim. App.1983).

The record in this case contains specific details as to where the complainant's car was originally reported stolen, as well as the ensuing chase. The only evidence that appellant operated complainant's vehicle in a county other than Harris was the fact that the appellant was eventually apprehended in Waller County. Further, Officer Robertson, one of the Houston Police officers involved in the chase, testified that portions of the chase occurred in Harris County. In addition, Officer Johnson, a Houston Police helicopter observer, testified that he intercepted the vehicle during the chase at a location within Harris County. Consequently, the evidence is sufficient to support venue in Harris County. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the indictment was fundamentally defective because it failed to allege a culpable mental state as to the element of lack of effective consent by the owner. No objection to the indictment was made, however, appellant argues that he has not waived error because the indictment failed to vest the trial court with jurisdiction. We disagree.

The indictment in the present case was presented after the effective dates of the amendments to Art. 1.14, V.A.C.C.P., and Art. V, § 12, of the Texas Constitution. In *Studer v. State*, 799 S.W.2d 263 (Tex.Crim. App.1990), the Court addressed substance

defects and their effects on charging instruments pursuant to the amendments to Art. V, § 12, and Art. 1.14. In *Studer*, the charging instrument contained a substance defect in that it failed to allege an element of the offense charged. The Court held that the amendments do not require that each constituent element of an offense be pled to have a valid charging instrument investing the trial court with jurisdiction. *Id.* at 271. Therefore, the appellant's failure to make a pre-trial objection to a substance defect waived the error on appeal pursuant to Art. 1.14(b). *Id.* at 273.

■■■ Pursuant to the rationale in *Studer*, the indictment in the present case is sufficient to vest the trial court with jurisdiction. *Studer*, 799 S.W.2d at 271; *see also, Rodriguez v. State*, 799 S.W.2d 301, 303 (Tex.Crim.App.1990). By the express language of Art. 1.14(b), appellant's failure to object to the alleged substance defect before trial waived review of the issue on appeal. TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1991); *Studer*, 799 S.W.2d at 273; *Rodriguez*, 799 S.W.2d at 303. Appellant's second point of error is overruled.

Appellant's third point of error complains that the trial court erred in failing to instruct the jury that the State was required to prove, beyond a reasonable doubt, that he knew he did not have the complainant's effective consent to operate her automobile. The trial court instructed the jury as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of June, 1989, in Harris County, Texas, the defendant, Salvador Bruno, did then and there intentionally or knowingly operate a motor-propelled vehicle, namely, an automobile, owned by Joann Peevy, without the effective consent of Joann Peevy, then you will find the defendant guilty as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

You are instructed that it is a defense to prosecution that a person through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

"Reasonable belief" means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant.

So, if you find from the evidence in this case that at the time the defendant operated the vehicle, if he did, he acted under a mistake of fact, that is, a reasonable belief that he had the permission of the owner to operate the vehicle, or if you have reasonable doubt thereof, you will acquit the defendant.

■ The applicable penal statute, TEX.PENAL CODE ANN. § 31.07(a) (Vernon 1989), provides that a person commits an offense if he "intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." In a prosecution under section 31.07, the State must prove the defendant's knowledge that he did not have the consent of the owner to operate the vehicle in question. *See, McQueen v. State*, 781 S.W.2d 600, 603 (Tex.Crim.App. 1989); *Gardner v. State*, 780 S.W.2d 259, 263 (Tex.Crim.App.1989). Appellant contends that the court's charge did not clearly place this burden on the State. Since the charge then required the jury to find appellant's belief a "mistake of fact" subject to a reasonable man standard, before resolving the issue beyond a reasonable doubt, the State was effectively given a lesser burden of proof on the issue of appellant's knowledge that he did not have the complainant's consent to operate her vehicle. We disagree.

■■■ The court's charge to the jury tracks the language of section 31.07. The culpable mental state submitted in the charge properly modifies both "operate a motor-propelled vehicle" as well as "without the effective consent of Joann Peevy". *See, Caro v. State*, 771 S.W.2d 610, 614–615 (Tex.App.—Dallas 1989, no pet.). Accordingly, the charge properly placed the

burden upon the State to prove, beyond a reasonable doubt, that appellant knew that he did not have the effective consent of the complainant to operate her automobile. The "mistake of fact" instruction is a *defense* to prosecution. *See,* TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1974). When the issue is raised by the evidence, as it is here, the defendant is entitled to an affirmative submission of this defense. *Lynch v. State,* 643 S.W.2d 737, 738 (Tex.Crim.App. 1983). Rather than lessen the State's burden of proof, the court's charge imposes an *additional* burden upon the State to negate the mistake of fact defense. Accordingly, we hold that the trial court's charge properly placed the requisite burden of proof upon the State. Appellant's third point of error is overruled.

In his fourth, fifth and sixth points of error, appellant asserts that the trial court erred in instructing the jury to consider the existence of good conduct time and parole laws in assessing his punishment. As authority, appellant relies on the rationale of *Rose v. State,* 752 S.W.2d 529 (Tex.Crim. App.1988). However, after the opinion in *Rose* was delivered, Texas voters approved a constitutional amendment which permits the trial court to give jury charges on the effects of parole laws. This amendment eliminates the applicability of *Rose* to cases tried after its effective date. *Johnson v. State,* 800 S.W.2d 563, 567 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). The amendment, effective November 7, 1989, provides that:

> The Legislature shall by law establish a Board of Pardons and Paroles and shall require it to keep a record of its actions and the reasons for its actions. *The Legislature shall have authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense.*

TEX. CONST. art. IV, § 11(a) (emphasis added). Pursuant to this constitutional grant of authority, the Legislature re-enacted TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4

(Vernon Supp.1991). The trial court's instruction in the present case, tracked the language of the re-enacted statute.

Appellant's fourth point of error contends that the legislatively mandated instruction exceeded the scope of the amendment. Specifically, appellant argues that the instruction authorizes the jury to consider *good conduct time and parole* in assessing sentences, rather than merely inform the jury of their effect. We disagree. The instruction only allows consideration of *the existence* of good conduct time and parole while specifically forbidding the jury to consider them in assessing appellant's punishment. Therefore, the trial court's instruction did not exceed the scope of the amendment. *Edwards v. State,* 807 S.W.2d 338, 340–41 (Tex.App.—Houston [14th Dist.] 1991, pet. filed). Appellant's fourth point of error is overruled.

Appellant's fifth and sixth points of error assert that the constitutional amendment, and resulting re-enactment of article 37.07, violate the separation of powers doctrine and his right to due course of law under the Texas Constitution. Again, appellant relies on the *Rose* decision as authority for this proposition. *Rose,* however, was premised on the fact that the parole law jury instruction was based on a statute which itself was not authorized by any constitutional provision. Article 37.07 is now constitutionally authorized. Further, this court has consistently held that the amendment to art. IV, § 11(a) of the Texas Constitution, does not violate the separation of powers doctrine or a defendant's right to due course of law. *See, Oakley v. State,* 807 S.W.2d 378, 381 (Tex. App.—Houston [14th Dist.] 1991, pet. filed); *Edwards,* 807 S.W.2d at 341–42. Accordingly, appellant's fifth and sixth points of error are overruled.

The judgment of conviction is affirmed.