Affirmed and Opinion filed July 20, 2004









Affirmed and Opinion filed July 20, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS.  14-02-00909-CR &

       14-02-00910-CR

____________

 

GARY GRAY ROY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause Nos.
897,689 and 897,726

 



 

O P I N I O N

Appellant Gary Gray Roy was convicted by a
jury of unauthorized use of a motor vehicle (AUUMV@) and
retaliation.  See Tex. Pen. Code Ann. ' 31.07(a) (Vernon
2003), 36.06 (Vernon Supp. 2004).  The
jury sentenced appellant to one year=s confinement for
the offense of UUMV and five years= confinement for
the retaliation offense.  By four points
of error, appellant challenges the factual sufficiency of the evidence
supporting the UUMV conviction, the legal and factual sufficiency of the
evidence supporting the retaliation conviction, and the trial court=s admission of
hearsay testimony.  We affirm.








Factual
Background

Appellant was arrested on December 26,
2001, after Thrifty Car Rental learned he was driving a vehicle owned by
Thrifty without proper authority.  At the
time, appellant was dating Elizabeth Norris, a former employee of Thrifty, and
the two had purchased a home together. 
Norris=s sister, Gwen Pappillion, called Thrifty,
alerting it to the unauthorized use of a silver Ford Expedition and an alleged
scheme by appellant, Norris, and two current employees of Thrifty to use
Thrifty vehicles without paying for them. 
Pappillion claims to have called Thrifty two or three times previously
to make similar allegations.  However,
Russell Atkin, Thrifty=s director of security and fraud
prevention officer, did not become involved until December 26, 2001.  That same day, Pappillion called the police
because she suspected appellant was physically abusing Norris.  Pappillion testified that, when the police
arrived, she also informed them about the vehicles she claimed were stolen from
Thrifty.  The police questioned Norris
and appellant, but no charges were filed. 


Atkin conducted a preliminary
investigation based on the information provided by Pappillion and determined a
silver Ford Expedition was missing from Thrifty=s inventory.  Atkin prepared a list of possible locations
to find the vehicle and then notified the police.  Atkin and an associate began surveillance of
appellant and Norris=s house, while the police watched another
location.  Shortly after arriving at the
house, Atkin saw appellant park the Expedition in front of the house.  Atkin verified that it was, in fact, the
missing Thrifty vehicle and then relayed that information to the police.  A few minutes later, appellant left the
residence in the Expedition, and Atkin began following appellant and updating
the police as to their location.  The
officers arrived shortly thereafter, continued pursuit, and apprehended appellant.  








After he was arrested, appellant began
yelling from the back of the police car to obtain Atkin=s attention.  With the officer=s permission,
Atkin approached the police car and appellant handed him a piece of paper
containing three individual=s names and phone
numbers.  According to Atkin, appellant
stated he was instructed to call Athis girl if [he
had] any problems.@ 
One of the names on the paper was Nina Nguyen, an employee of Thrifty,
and beside her name was her home phone number. 
Pappillion identified Nina Nguyen, along with Charles Stanford, as the
two Thrifty employees involved in the scheme. 

The following day, Atkin interviewed
Stanford regarding his involvement in the scheme.  Atkin testified Stanford admitted his
involvement and implicated appellant; however, Atkin never relayed the
substance of the conversation to the police or the prosecutor.  Stanford, a Thrifty mechanic, and Nguyen were
both terminated from Thrifty. 

Norris called a contact at Thrifty and
learned that her sister, Pappillion, had notified Thrifty about the
Expedition.  While appellant was in jail,
he telephoned Norris, and after learning of Pappillion=s involvement,
asked Norris to call Pappillion on a three-way call.  Norris complied, and after Pappillion and
appellant began arguing, Norris put the receiver down and stopped listening to
the conversation.  Pappillion testified
that during the telephone conversation, appellant threatened to kill her and
her children.  Enraged, Pappillion went to
her sister=s house, which was located next door, and
the two began fighting.  As a result of
the fighting, Norris called the police to report domestic violence.  Norris testified that when Pappillion entered
her house she was upset because appellant had just threatened her.  Norris, however, did not hear appellant make
any threats, and appellant denied making any threats.  When the police arrived, Pappillion described
the threats made by appellant; consequently, appellant was charged with
retaliation and UUMV.  Following his
conviction, appellant brings this appeal.

Discussion

I.        Unauthorized Use of a Motor Vehicle








In his first point of error, appellant
claims the evidence is factually insufficient to  support his conviction for UUMV.  Specifically, appellant contends the State
failed to produce any evidence negating the defense of mistake of fact and
failed to prove beyond a reasonable doubt appellant knew he did not have
consent to operate the vehicle.[1]  

A.      Factual Sufficiency of the Evidence to
Support the Jury=s Finding of Guilt

We begin the factual sufficiency review
with the presumption that the evidence supporting the jury=s verdict is
legally sufficient.  Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
In conducting a factual sufficiency review, we view all of the evidence
in a neutral light, without favoring either party.  Johnson, 23 S.W.3d 1, 6B7 (Tex. Crim. App.
2000).  We will set aside the verdict
only if (1) the evidence supporting the verdict, considered by itself, is too
weak to support the finding of guilt beyond a reasonable doubt, or (2) contrary
evidence, if present, is strong enough that the beyond-a-reasonable-doubt
standard could not have been met.  Zuniga
v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21,
2004); see Zuliani v. State, 97 S.W.3d 589, 593B94 (Tex. Crim.
App. 2003); Johnson, 23 S.W.3d at 11. 
When reviewing the evidence, we must give appropriate deference to the
jury findings in order to prevent intruding on the fact finder=s role as the sole
judge of the weight and credibility of the evidence.  Johnson, 23 S.W.3d at 7.  Therefore, unless the record clearly reveals
a different result is appropriate, we Amust defer to the
jury=s determination
concerning what weight to give contradictory testimonial evidence because
resolution often turns on an evaluation of credibility and demeanor.@  Id. at 8. 








In order to prevail, the State was
required to prove appellant intentionally or knowingly operated another=s vehicle without
the effective consent of the owner.  Tex. Pen. Code Ann. ' 31.07(a) (Vernon
2003).  Thus, the State was required to
show not only that appellant intentionally or knowingly operated the vehicle,
but that appellant knew he did not have the consent of the owner.  McQueen v. State, 781 S.W.2d 600, 604
(Tex. Crim. App. 1989). 

Atkin testified that during his
investigation, he learned appellant was directly involved in the scheme to use
Thrifty vehicles without its knowledge, just as Pappillion reported.  In his confession to Thrifty representatives,
elicited through Atkin at trial, Stanford claimed appellant arranged to
personally pick up the vehicles away from Thrifty property and, in exchange,
give Stanford money and tickets. 
Appellant never had any type of rental agreement with Thrifty.  Also, when appellant was arrested, he
provided a piece of paper containing Nina Nguyen=s name and home
telephone number.  Appellant, however,
denied any involvement and claimed he had never met Stanford personally.  Appellant also denied handing the piece of
paper to Atkin after he was arrested; rather, he claimed Atkin found the paper
in the vehicle and then brought it to appellant to question him about it. 

The jury is the sole judge of the
credibility of the witnesses and the weight to be given the evidence; thus, the
jury is entitled to believe or disbelieve all or part of a witness=s testimony.  Jones v. State, 944 S.W.2d 642, 647B48 (Tex. Crim.
App. 1996).  Viewing the evidence in a
neutral light, we cannot say the evidence of guilt, considered by itself, is
too weak to support the finding of guilt beyond a reasonable doubt or the
contrary evidence is strong enough that the beyond-a-reasonable-doubt standard
could not have been met.  Therefore, we
hold the evidence is factually sufficient to support the jury=s finding of
guilt.

B.      Factual Sufficiency of the Evidence to
Support Jury=s Implicit Rejection of Appellant=s Mistake of Fact Defense

 

Appellant also challenges the factual
sufficiency of the evidence to support the jury=s implicit
rejection of his mistake of fact defense. 
In Zuliani, the court held that when a defendant challenges the
factual sufficiency of the rejection of a defense, we must review all of the
evidence in a neutral light and ask whether the State=s evidence taken
alone is too weak to support the finding and whether the proof of guilt,
although adequate if taken alone, is against the great weight and preponderance
of the evidence.  97 S.W.3d at 595. 








The Texas Court of Criminal Appeals, however, has recently
modified the standard of review for factual sufficiency challenges.  Zuniga, 2004 WL 840786, at *7.  In so doing, the court did not specifically
address whether the modified standard applies when a defendant challenges the
rejection of a defense.  However, the court
expressed its desire to resolve any conflicts in the standard of review for
factual sufficiency by (1) linking the burden of proof at trial to the standard
of review on appeal and (2) avoiding language that suggested a lower burden of
proof was required.  Id.  Thus, the court concluded that because the
State is required to prove the defendant=s guilt beyond a
reasonable doubt, any standard of review which suggested the lower burden of
proof, preponderance of the evidenceCwhether or not it
was actually employedCwas inappropriate.  Id. at 6B7.  Accordingly, the court set out the following
standards when conducting a factual sufficiency review:

There is only one question to be
answered in a factual-sufficiency review: Considering all of the evidence in a
neutral light, was a jury rationally justified in finding guilt beyond a
reasonable doubt?  However, there are two
ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the guilty
verdict should not stand.  This standard
acknowledges that evidence of guilt can Apreponderate@ in favor of conviction but still be insufficient to prove
the elements of the crime beyond a reasonable doubt.

Id. at 7.    








Following Zuniga, we first look at
the burden of proof of the parties at trial when, as in this case, the
defendant raises the defense of mistake of fact.  See id.  The defendant bears the initial burden to
present evidence raising the defense; however, once the defense is raised, the
State bears the burden of persuasion to disprove the defense.  Bruno v. State, 812 S.W.2d 56, 59B60 (Tex. App.CHouston [14th
Dist.] 1991), aff=d, 845 S.W.2d 910,
912 (Tex. Crim. App. 1993); Anderson v. State, 11 S.W.3d 369, 372 (Tex.
App.CHouston [1st
Dist.] 2000, pet. ref=d). 
The State meets its burden by proving its case beyond a reasonable
doubt.  Bruno, 812 S.W.2d at 59B60.  Thus, the State=s burden does not
decrease once the mistake of fact defense is raised; rather, the State must
disprove the defense by proving its case beyond a reasonable doubt.  Id.

Because Zuliani=s standard for
reviewing the factual sufficiency of the rejection of a defense utilizes Agreat weight and
preponderance@ language, and the Zuniga court
resolved some of the confusion that developed post-Clewis by avoiding
language suggestive of a preponderance of the evidence burden of proof, we
interpret Zuniga to modify the standard of review for rejection of a
defense.  Accordingly, we adopt the Zuniga
modification for the standard of review when the defendant challenges the
rejection of a defense.  Thus, when the
defendant challenges the rejection of a defense on factual insufficiency
grounds, we view all the evidence in a neutral light and determine whether (1)
the evidence supporting the rejection of the defense, when considered by
itself, is too weak to support the rejection beyond a reasonable doubt or (2)
contrary evidence, if present, is strong enough that the
beyond-a-reasonable-doubt standard could not be met.  See Zuniga, 2004 WL 840786, at
*7.  This revised standard encompasses
both objectives stated in Zuniga; first, it directly links the burden of
proof to the standard of review on appeal, and second, it removes the great
weight and preponderance language from the standard of review.  See id. 

After reviewing all of the evidence in a
neutral light, including the evidence previously detailed, we conclude there
was direct evidence from appellant and Norris that Norris gave appellant
consent to drive the Expedition. 
However, the State also presented evidence controverting appellant=s assertion that
consent to use the vehicles had been given. 
Atkin testified Norris was not an employee at the time Pappillion called
Thrifty about the unauthorized use of one of its vehicles, eliminating Norris
as a source of consent.  Atkin further
testified appellant did not have consent of any kind from Thrifty to use its
vehicles.








By its verdict, the jury believed
appellant knew he did not have consent to drive the Expedition; thus,
implicitly finding against the defensive theory.  Zuliani, 97 S.W.3d at 594; Saxton
v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  We hold the State=s evidence, when
considered by itself, is not too weak to support the implicit finding, and the
contrary evidence is not so strong that the beyond-a-reasonable-doubt standard
could not have been met.  Thus, we conclude
the evidence is factually sufficient to support the jury=s implied finding
against appellant=s defensive issue.  

Appellant=s first point of
error is overruled.

II.       Retaliation

In his second and third points of error,
appellant alleges the evidence is legally and factually insufficient to support
the jury=s verdict as to
the retaliation offense.  When reviewing
a legal sufficiency claim, we review the evidence in a light most favorable to
the verdict in order to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Johnson, 23 S.W.3d at 7.  Whether the evidence is legally sufficient is
determined as a matter of law; thus, if the evidence is legally insufficient,
the case should never have been submitted to the jury.  Oldham v. State, 5 S.W.3d 840, 844
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  The same standard applies regardless of
whether the state presents direct or circumstantial evidence.  Huntley v. State, 4 S.W.3d 813, 814
(Tex. App.CHouston [1st Dist.] 1999, pet. ref=d) (en banc).  We review the factual insufficiency claim by
the standards previously articulated.








Retaliation is defined as intentionally or
knowingly harming or threatening to harm another by an unlawful act in
retaliation for, or on account of, the service or status of another as an
informant.  Tex. Pen. Code Ann. ' 36.06 (Vernon
Supp 2004).  An Ainformant@ is defined as Aa person who
communicated information to the government in connection with any governmental
function.@  Id.  In his legal sufficiency claim, appellant
only challenges Pappillion=s status as an
informant.  Appellant claims the State
failed to prove beyond a reasonable doubt that Pappillion notified the police;
rather, appellant claims Pappillion only notified a third-party, Thrifty,
ultimately leading to appellant=s arrest.  Appellant, however, overlooks Pappillion=s testimony that
she notified the police about appellant=s involvement in
the unauthorized use of Thrifty automobiles. 
Appellant=s reliance comes from Pappillion=s testimony on
cross-examination, in which Pappillion admits she never reported appellant=s activity to the
police.  Pappillion attempted to explain
the contrary answer given during cross-examination; however, her answers were
abbreviated due to the nature of cross-examination. 

The jury was free to believe all or part
of Pappillion=s testimony and to assess Pappillion=s
credibility.  Jones, 944 S.W.2d at
647.  When faced with conflicting
evidence, we presume the jury resolved conflicts in favor of the prevailing
party.  Manning v. State, 112
S.W.3d 740, 746 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d). 
If evidence exists establishing beyond a reasonable doubt the elements
of the offense, this court is not at liberty to disregard the jury=s findings.  McGee v. State, 923 S.W.2d 605, 608
(Tex. App.CHouston [1st Dist.] 1995, no pet.) (citing
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)).  Here, there was evidence establishing beyond
a reasonable doubt Pappillion directly communicated the information about the
theft of Thrifty vehicles to the police. 
Thus, the evidence is legally sufficient to support Pappillion=s status as an
informant.  

In his factual sufficiency challenge,
appellant claims the evidence is insufficient to support Pappillion=s status as an
informant and to show appellant threatened Pappillion.  As previously stated, there was evidence both
supporting and discrediting Pappillion=s status as an
informant.  Additionally, Pappillion
testified that after Norris and appellant initiated a  three-way telephone conversation, appellant
threatened to kill her and her children. 
Norris admitted she did not listen to the entire conversation between
appellant and Pappillion, and after the two started fighting on the phone, she
put her end of the receiver down.  Norris
testified that moments later, Pappillion entered her house angry and upset
because appellant had just threatened her and her family.  Appellant testified at trial that he did not
threaten Pappillion.  








The jury is the sole judge of the
credibility of the witnesses and the weight to be given the evidence; thus, the
jury is entitled to believe or disbelieve all or part of a witness=s testimony.  Jones, 944 S.W.2d at 647B48.  By its verdict, the jury believed the State=s version of the
facts.  Indeed, the jury was entitled to
believe Norris=s testimony regarding the excited
utterance by Pappillion.  Viewing the
evidence in a neutral light, we cannot say the evidence of guilt,
considered by itself, is too weak to support the finding of guilt beyond a reasonable
doubt or that the contrary evidence is strong enough that the
beyond-a-reasonable-doubt standard could not have been met. 

Accordingly, we overrule appellant=s second and third
points of error. 

III.      Hearsay

In his final point of error, appellant alleges
the trial court erroneously admitted hearsay testimony concerning Atkin=s interview with
Charles Stanford, and that such admission violated his Sixth Amendment right to
confrontation.  At trial, however,
appellant objected only to hearsay; therefore, appellant has waived any alleged
error under the Confrontation Clause.  Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000).  Additionally, appellant did not properly
object to every alleged hearsay statement; thus, we will limit our review to
those alleged hearsay statements which were properly preserved for review.  Tex.
R. App. P. 33.1.  We review the
trial court=s decision to admit or exclude evidence
under an abuse of discretion standard.  Bingham
v. State, 987 S.W.2d 54, 57 (Tex. Crim. App. 1999).  The trial court abuses its discretion if it
acts without reference to any guiding rules and principles.  Montgomery v. State, 810 S.W.2d 372,
380 (Tex. Crim. App. 1990).








The specific statements made by Atkin
during re-direct examination, which were properly objected to and have been
raised as error before this court, include the following three statements: (1)
Stanford admitted what he did was wrong; (2) Stanford had a close relationship
with Norris; and (3) Norris was not involved. 
Appellant properly objected to the latter two statements the first time
they were admitted; however, the same evidence was admitted later in the trial
without objection.  Thus, appellant has
waived any error with regard to the admission of the second and third
statements.  Kirvin v. State, 575
S.W.2d 301, 302 (Tex. Crim. App. 1978) (holding that, when testimony is
erroneously admitted over objection but the same testimony is thereafter
admitted without objection, the objection in the first instance is waived); Alexander
v. State, 630 S.W.2d 355, 359 (Tex. App.CHouston [1st
Dist.] 1982, no pet.).  

Accordingly, we consider only whether the
trial court abused its discretion in admitting Atkin=s testimony that
Stanford admitted what he did was wrong. 
Appellant objected twice on hearsay grounds to Atkin=s testimony regarding
Stanford=s admission of his
own wrongdoing.  After the first
objection, the State argued the statement was admissible as either a statement
against interest[2]
or a statement of a co-conspirator.[3]  The trial court overruled both
objections.    

A statement is excepted from the hearsay
rule when it falls under Texas Rule of Evidence 803(24), the statement against
interest exception.  This exception
allows admission of a statement which tends to subject the declarant to civil
or criminal liability, so that a reasonable person in the declarant=s position would
not have made the statement unless believing it to be true.  Tex.
R. Evid. 803(24).  Rule 803(24)
further provides, AIn criminal cases, a statement tending to
expose the declarant to criminal liability is not admissible unless
corroborating circumstances clearly indicate the trustworthiness of the
statement.@  Id.  In this case, Stanford=s admission that
what he did was wrong could have subjected him to criminal liability for
unauthorized use of a motor vehicle, as well as civil liability to
Thrifty.  Thus, because the statement
would tend to subject Stanford to criminal or civil liability, we must now
decide whether corroborating circumstances exist.  








A trial court should consider the
following factors in determining whether corroborating circumstances exist: (1)
whether guilt of the declarant is inconsistent with guilt of the defendant; (2)
whether the declarant was situated in such a manner that he might have
committed the crime; (3) timing of the declaration; (4) spontaneity of the
declaration; (5) the relationship of the parties, and (6) independent
corroborative facts.  Dewberry v.
State, 4 S.W.3d 735, 751 (Tex. Crim. App. 1999).  The focus of the inquiry is to verify to the
greatest extent possible the trustworthiness of the statement, so as to avoid
the admissibility of a fabrication.  Bingham,
987 S.W.2d at 58.  All evidence should be
considered in determining whether circumstances clearly indicate the
trustworthiness of a statement against interest.  Id. 

In this case, Atkin testified Gwen
Pappillion implicated Stanford initially, before appellant was ever
arrested.  When appellant was arrested,
Atkin notified police that he believed Stanford was involved, but was unsure of
the relationship between the parties. 
Atkin testified Thrifty=s computer system
indicated the Expedition should have been in the maintenance division, where
Stanford worked.  Stanford and Norris
maintained a close relationship, even after Thrifty terminated Norris, and
Stanford admitted he knew appellant and made arrangements with him to exchange
the vehicles.  Stanford made the
statement the morning after appellant was arrested, and immediately after Atkin
asked what his involvement entailed. 
Additionally, Stanford=s position as an
employee of Thrifty put him in a position to commit the crime and conceal
it.  We find this evidence presents
sufficient corroborating circumstances to clearly indicate the trustworthiness
of the statement.  Thus, we hold the
trial court did not abuse its discretion in finding the statement met the
requirements of Rule 803(24).  








Appellant also argues the trial court
erred in admitting hearsay testimony by Atkin that Stanford was crying during
his confession.  Texas Rule of Evidence 801(d)
defines hearsay as Aa statement, other than one made by
the declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted.@  Tex.
R. Evid. 801(d) (emphasis added). 
Texas Rule of Evidence 801(a)(2) defines a Astatement@ to include
nonverbal conduct of a person if the nonverbal conduct is intended by the
person as a substitute for verbal expression. 
Tex. R. Evid. 801(a)(2).  Here, there is no evidence to suggest
Stanford=s lachrymose state
was intended as a substitute for verbal expression; thus, it not does fall within
the definition of a statement under Rule 801(a)(2).  Because Atkin=s testimony about
Stanford=s condition was
not a statement offered in evidence to prove the truth of the matter
asserted, Atkin=s testimony was not hearsay.  Appellant=s fourth point of
error is overruled.  

Conclusion

Having
overruled appellant=s four points of error, we affirm
the judgment of the trial court.  

 

 

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Opinion filed July 20, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Publish
C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant=s first point of error complains the evidence is
factually insufficient to Asustain the conviction of unauthorized use of a motor
vehicle because the state failed to prove the appellant did not make a mistake
of fact.@  Appellant also
argues the State failed to present Aany
witnesses with personal knowledge of any facts@ bearing
on appellant=s intent.  We
interpret appellant=s complaint as a challenge to the factual sufficiency
of the evidence to support the mens rea element of both the crime and
the defensive issue of mistake of fact.  See
Tex. R. App. P. 38.1(e). 





[2]  Tex. R. Evid. 803(24).





[3]  Tex. R. Evid. 801(e)(2)(E).