The State of Texas ex rel. A. C. Nicholson, County Judge, et al. v. Hugh L. Humphries, District Judge, et. al.

No. 4327.   Decided May 16, 1917.

**Pool Hall Law—Writ of Prohibition—Constitutional Law.**

Where relators were enjoined from enforcing the pool hall law, Chapter 74, Acts Thirty-third Legislature, and a writ of prohibition was issued by this court, yet at a later day, said pool hall law was declared void, said order of prohibition is set aside, and no further action need be taken on said application, and the same is dismissed.   Following Lyle v. State, 80 Texas Crim. Rep., 606, 193 S. W. Rep., 680.

From Collingsworth County.

Original application for a writ of prohibition to prevent the district judge and others to enjoin relators from enforcing the pool hall law. The opinion states the case.

No brief on file for relators.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—This proceeding was filed in the Court of Criminal Appeals by A. C. Nicholson, county judge of Collingsworth County, and others, charging that Hugh L. Humphries, judge of the District Court of the Forty-seventh Judicial District of Texas, had issued a writ of injunction restraining the relators, including the county judge, county attorney and sheriff of Collingsworth County, from proceeding against Wiles & Cunningham, a partnership composed of Dick Wiles and John Cunningham, for violating the provisions of chapter 74 of, the Acts of the Thirty-third Legislature, known as the Pool Hall Law, said relators seeking from this court a writ of prohibition commanding the said Hugh L. Humphries, judge of the Forty-seventh Judicial District, to take no further proceeding in the said injunction matter.

On presentation of the petition to this court on December 8, 1916, an order was issued as follows:

"The clerk will file and docket this petition.   The writs prayed for are granted.   The clerk will at once issue them as prayed, and also give notice to said parties to appear before this court in open session on January 3, 1917, to show cause why said parties should not be

prohibited and said writs and order should not be perpetuated and made final. A. C. Prendergast, Presiding Judge."

At a later date of the present term, in the case of Lyle v. State, which is reported ·in 80 Texas Crim. Rep., 606, 193 S. W. Rep., 680, chapter 74 of the Acts of the Thirty-third Legislature was declared void, and in consequence of this decision it becomes unnecessary to consider the application in this case or further discuss any questions of practice involved.

It is directed that the order made in this cause December 8, 1916,· and copied above, be set aside and this proceeding dismissed from the docket of this court.

*Dismissed.*