STATE of Texas ex rel. Robert A. MILES et al.

v.

Herman JONES et al.

No. 39083.

Court of Criminal Appeals of Texas.

Nov. 17, 1965.

Doren R. Eskew, Don R. Butler, John C. Smith, Austin, for relators.

George Schatzki and Sam Houston, Clinton, Austin, for respondents.

McDONALD, Presiding Judge.

On the 16th day of October, 1965, this Court granted a temporary writ of prohibition, upon the verified application of Robert A. Miles, et al., that a temporary restraining order had been issued in Cause No. 146,880, pending in the 53rd District Court of Travis County, Texas, restraining the City of Austin and its Chief of Police, Robert A. Miles, their officers, agents, employees, servants and attorneys from interfering with plaintiffs in said cause from engaging in and conducting a certain parade described in plaintiffs' original petition and relators' petition for writ of prohibition, on Saturday, October 16, 1965, beginning at about 11:00 a. m., which order in effect attempts to restrain the enforcement of certain penal ordinances and laws, and thereby exceeds the jurisdiction of such Court.

This Court further ordered and commanded the said 53rd District Court of Travis County, Texas, the Honorable Herman Jones, Judge of said Court, Scott Pittman, Rick Rubottom and Students for a Democratic Society to desist and refrain from any further proceedings in said action specified in Relators' Application and all orders heretofore entered in said action were suspended and held for naught until a final hearing could be had before this Court. Each of the respective parties was ordered to appear before this Court at 9:30 a. m. on October 27, 1965, to show cause why this order should not be made final. Each party to said order was bound by the contents of the order and all provisions contained from the time of actual notice thereof.

In compliance with said order all parties appeared before this Court on the 27th day of October, 1965, at which time oral arguments were made on behalf of relators and respondents.

Although this Court had authority to issue the temporary writ of prohibition, State ex rel. Flowers v. Woodruff, 150 Tex.Cr.R. 255, 200 S.W.2d 178, such a writ will never be made permanent where the question involved becomes moot before a hearing is held. State ex rel. Nicholson v. Humphries, 81 Tex.Cr.R. 322, 195 S.W. 194. Judge Jones' restraining order was directed to an act or event held, or to have been held, on October 16, 1965. It is apparent from the record that the question has become moot, making it unnecessary to give further consideration to the application for a permanent writ of prohibition.

There being no other relief sought by either respondents or relators over which this Court has jurisdiction, the petition seeking to make the temporary writ of prohibition final is dismissed.

WOODLEY, Judge (concurring).

The effect of the majority opinion is to sustain the challenge of the respondents, plaintiffs in the suit pending in the district court, to the jurisdiction of this court to make its Temporary Writ of Prohibition final. One of the reasons assigned by these respondents in their response filed in this court is that the demonstration that was the subject matter of the Temporary Restraining Order issued by Judge Jones, and of their application for temporary injunction, was carried out peacefully and in accordance with orders and instructions of Chief of Police Robert A. Miles on Saturday, October 16, 1965, and the only relief remaining which is prayed for in their original petition in the district court is that upon trial they have judgment "restraining and enjoining Defendants from wrongfully refusing to grant and issue such permits to Plaintiffs as may be applied for for such other and further demonstrations, and for such other and further relief to which they may show themselves entitled, including their costs."

These they correctly contend are civil matters (not criminal) over which this court lacks actual or potential jurisdiction within the meaning of Art. V, Section 5,

**614**

of the Constitution of Texas, Vernon's Ann.St.

I concur in the sustaining of the plea of these respondents to the jurisdiction of this court to make its Temporary Writ of Prohibition final.