Santiago VASQUEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–160–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1982.

Rehearing Denied Sept. 16, 1982.

Maurice D. Healy, Harlingen, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and BISSETT and YOUNG, JJ.

OPINION

YOUNG, Justice.

Appellant Santiago Vasquez was convicted by a jury of intentionally and knowingly possessing a short-barreled firearm. The trial court thereafter assessed the appellant's punishment as five years imprisonment. We affirm.

The record shows that on April 7, 1980, relatives of the appellant summoned police officers to a house in which the appellant and his grandmother were present. Vasquez had in his possession a short-barreled firearm, which was subsequently recovered by the police and introduced into evidence. Officer Petrarca, the armorer of the Brownsville Police Department, testified that his examination of the weapon showed it to be a .22 caliber rifle with a barrel length of 8$\frac{1}{16}$ inches. He further stated that a rifle is a firearm that is designed to fire from the shoulder, but that it would be impractical to fire this weapon from the shoulder because the butt stock had been cut off. During this testimony, the jury had an opportunity to observe the design of the firearm and whether any alterations had been made. In addition to the evidence of the appellant's possession of a rifle, there was testimony concerning his holding his grandmother hostage and making death threats to police officers.

In his first ground of error, the appellant claims that he was denied a speedy trial. Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Supp.1982) provides that the State must be ready to try a felony within 120 days of the commencement of a criminal action. This trial was conducted within 108 days of the commission of the offense. Therefore, it was clearly within the time limits of the Speedy Trial Act.

The appellant does not contend that the trial did not take place within the speedy trial time limit. Instead, he argues that the trial court's refusal to reduce bail after he was detained for more than 90 days before trial as required by Tex.Code Crim.Proc.Ann. art. 17.151 (Vernon Supp. 1982) operated as a denial of a speedy trial.

There is some question of how long the appellant was incarcerated before trial and whether the State was ready for trial within 90 days. Even if we accept the appellant's statement as true and find that the trial court erred in denying the motion to reduce bond, there would be no reason for reversal. The appellant has not demonstrated that any harm resulted from the trial court's refusal to lower his bail. The time he spent in jail was credited to his sentence and he has shown no impairment of his defense. The denial of pretrial bail is not in itself grounds for reversal of a conviction. *Jackson v. State,* 454 S.W.2d 733, 736 (Tex.Cr.App.1970). The first ground of error is overruled.

In his second ground of error, Vasquez argues that there was insufficient evidence that the weapon in his possession met the statutory definition of a short barreled rifle. Tex.Penal Code Ann. § 46.01(10) defines a short-barreled firearm as a rifle with a barrel length of less than 16 inches or a shotgun with a barrel length of less than 18 inches, or any weapon made from a shotgun or rifle which has an overall length of less than 26 inches. The State introduced uncontroverted evidence that this weapon had a barrel length of slightly more than 8 inches and that the butt stock had been cut off. Also, the State's witness described this gun as a rifle. The appellant claims that the statement by Officer Petrarca that it was impractical to fire this weapon from the shoulder showed that it is not a rifle. Since the officer's response to a question asking the definition of a rifle was that it is a firearm designed to be fired from the shoulder, the appellant argues that the weapon did not meet the State's own definition of a rifle. We do not believe there is a discrepancy. The definition referred to the design of the weapon, not its present state after modifications. The jury could observe the gun itself to determine that it was designed to be fired from the shoulder and that, therefore, it was a rifle. The second ground of error is overruled.

The third ground of error challenges the constitutionality of Tex.Penal Code Ann. § 46.06 because it fails to define the term "rifle." In considering whether this statute fails to give notice of the offense, we follow the rule set forth in *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Cr.App.1979), which sets out that a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application is void for vagueness. We believe that people of common intelligence comprehend what is meant by a rifle and would agree about the application of its meaning in this case. The third ground of error is overruled.

Finally, the appellant argues that the rule permitting introduction of extraneous offenses into evidence when they are part of the res getae of the crime is unfair in that it prejudices the jury. There was evidence in this case of extraneous offenses which occurred at the same time and place as the crime for which the appellant was tried. As recently as 1981, the Court of Criminal Appeals has approved the admission of misconduct by a defendant which shows the context in which his criminal act occurred. See *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Cr.App.1981). The fourth ground of error is overruled.

The judgment of the trial court is affirmed.