**Earl Clarence SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00707–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1993.

Discretionary Review Refused May 26, 1993.

Carl Peterson, Kenneth W. Smith, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Earl Clarence Smith, appeals his judgment of conviction for the felony offense of unauthorized use of a motor vehicle. TEX.PENAL CODE ANN. § 31.07 (Vernon 1989). The jury rejected appellants not guilty plea and, after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at ninety-nine (99) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant brings eight points of error on his appeal. In his first point of error, appellant asserts that the trial court should have charged the jury that they must find the evidence established beyond a reasonable doubt that appellant operated the motor propelled vehicle knowing he did not have the effective consent of the owner. This Court held in *Bruno v. State*, 812 S.W.2d 56 (Tex.App.—Houston [14th Dist.] 1991), *aff'd* 845 S.W.2d 910 (Tex.Crim.App. 1993), such language was unnecessary.

At the conclusion of the evidence in the guilt/innocence phase of trial, the trial court presented the jury charge to appellant and to the State. Both sides affirmatively stated that they had no objection to the jury charge.

The charge provided in pertinent part: Our law provides that a person commits the offense of unauthorized use of a motor vehicle if he intentionally or knowingly operates another's motor-propelled vehicle without the effective consent of the owner.

\* \* \* \* \* \*

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 21st day of November, 1991, in Harris County, Texas, the defendant, Earl Clarence Smith, did then and there intentionally or knowingly operate a motor-propelled vehicle, namely, an automobile, owned by Theo E. Nelson without the effective consent of Theo E. Nelson, then

you will find the defendant guilty as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

The application paragraph in the trial court's charge tracked the indictment, which tracked the penal statute. TEX.PENAL CODE ANN. § 31.07 (Vernon 1989).

Appellant's complaint on appeal is that the charge did not place the burden on the State to prove that appellant operated the motor vehicle while knowing he had no effective consent. This argument is based on the requirement that the State must prove in the prosecution of an unauthorized use of a motor vehicle case, *Inter alia*, that appellant operated the vehicle while knowing that he did not have the complaint's effective consent. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex.Crim.App.1989); *Gardner v. State*, 780 S.W.2d 259, 263 (Tex.Crim.App.1989). This Court has already resolved this issue against appellant. In *Bruno v. State*, 812 S.W.2d 56 (Tex. App.—Houston [14th Dist.] 1991), *aff'd* 845 S.W.2d 910 (Tex.Crim.App.1993), this Court construed an identical charge and wrote:

> The court's charge to the jury tracks the language of section 31.07. The culpable mental state submitted in the charge properly modifies both "operate a motor-propelled vehicle" as well as "without the effective consent of Joann Peevy." Accordingly, the charge properly placed the burden upon the State to prove, beyond a reasonable doubt, that appellant knew that he did not have the effective consent of the complainant to operate her automobile.

*Id.* 812 S.W.2d at 59–60 (citation omitted). This decision was in accord with the analysis of the Dallas Court of Appeals in *Caro v. State*, 771 S.W.2d 610, 614–15 (Tex. App.—Dallas 1989, no pet.). Appellant's first point of error is overruled.

■ In the next seven points of error, appellant complains that the State impermissibly set appellant's bail in violation of the United States and Texas Constitutions.

It was well-established in *Freeman v. State*, 828 S.W.2d 179 (Tex.App.—Houston [14th Dist.] 1992, pet. pending on different grounds), that these complaints are moot. Appellant is currently being held under a judgment and sentence of ninety-nine years confinement in the Texas Department of Criminal Justice. As this Court observed in *Freeman:*

> It is axiomatic that a cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a controversy. *State v. Garza*, 774 S.W.2d 724, 727 (Tex.App.—Corpus Christi 1989, pet. ref'd). It is accordingly equally axiomatic that the issue of bail being set on a *complaint* is a moot issue after an appellant is convicted. *See, e.g., Henriksen v. State*, 500 S.W.2d 491, 494 (Tex.Crim.App.1973); *Ex parte Clay*, 479 S.W.2d 677, 678 (Tex.Crim.App.1972). We find that the merits of this issue are not before this Court.

*Freeman*, 828 S.W.2d at 181–82.

*See also Jackson v. State*, 454 S.W.2d 733, 736 (Tex.Crim.App.1970) (denial of pretrial bail not in itself ground for reversal of conviction); *Ex parte Brown*, 230 S.W.2d 539 (Tex.Crim.App.1950); *Ex parte Hardy*, 230 S.W.2d 527, 528 (Tex.Crim.App.1950); *Vasquez v. State*, 649 S.W.2d 647, 649 (Tex. App.—1982, pet. ref'd) (denial of pretrial bail not in itself ground for reversal of conviction).

■ In response to *Freeman*, appellant argues that his complaints regarding the setting of bond are not moot because the actions complained of are "capable of repetition, yet evading review," citing *Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). This federal standard has not been adopted in Texas constitutional analysis. Appellant has not shown that Harris County bond procedures are incapable of timely review. There is a procedural vehicle for timely attacks on improperly set bonds, of which appellant did not avail himself, in the habeas corpus procedures of Chapter 11 of the Texas Code of Criminal Procedure. *See Ex parte Gray*, 564 S.W.2d 713, 714 (Tex.Crim.App.

1978) ("The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus"). Appellant should not now complain that the issue "evades review" because he failed to utilize the proper method of challenging the bond procedure. Appellant's second, third, fourth, fifth, sixth, seventh and eighth points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.