Affirmed and Opinion filed June 19, 2003









Affirmed
and Opinion filed June 19, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01237-CR

____________

 

EX PARTE  EDWARD JAMES
WADDELL

 

 



 

On
Appeal from the 184th District Court

Harris County, Texas

Trial
Court Cause No. 921,279

 



 

M
E M O R A N D U M   O P I N I O N

This
is an appeal from the denial of habeas corpus relief.  Appellant Edward James Waddell is charged
with engaging in organized crime.  Bond
was set at $1,600,000.  Appellant filed a
pretrial application for writ of habeas corpus asserting the bond was excessive
and asking the trial court to reduce it and set a reasonable bond.  Following an evidentiary hearing, the trial
court stated it would reduce the bond to $750,000 if appellant would surrender
his passport to the court until the case was resolved.  The trial court denied habeas corpus relief
and noted on the judgment that bond remained at $1,600,000 because appellant
refused to surrender his passport.  On
appeal, appellant contends the bond set is oppressively high and violates his
rights under the Texas Code of Criminal Procedure and the United States and
Texas Constitutions.  We affirm.








Background

Based
on a warrant that had been outstanding since June 24, 2002, appellant was
arrested on August 1, 2002 for engaging in organized criminal activity.  On August 16, 2002, appellant filed an
application for writ of habeas corpus requesting his bond be reduced to
$50,000.  The hearings on appellant=s
application occurred on August 29, September 10, and October 24, 2002.  At those hearings, appellant presented
evidence that he could only raise a bond of $50,000.  The State presented evidence that appellant was
charged with theft of automobiles worth approximately $788,000.  The State presented evidence that
appellant was involved in a scheme to steal individuals=
identity and good credit in order to purchase vehicles from a local car
dealership.  The State also presented
circumstantial evidence that appellant attempted to raise money by passing
counterfeit checks and cash.  Further,
while a warrant was outstanding for appellant=s arrest, appellant attempted to sell narcotics to obtain money
to flee the country.  The trial court
denied habeas relief because appellant refused to surrender his passport.

Jurisdiction








Initially,
the State contends we should dismiss appellant=s appeal because the original indictment under which appellant
filed his application for writ of habeas corpus has been dismissed.  The State admits, however, that the charges
were re-filed in another cause number.  Appellant remains in custody under a $1.6
million bond and charged with engaging in organized criminal activity.  As authority for dismissal, the State cites
three cases in which courts have held that after conviction a pretrial
application for reduction in bond is moot. 
See Henriksen v. State, 500 S.W.2d 491, 494 (Tex. Crim. App. 1973); Ex parte Clay, 479 S.W.2d
677, 678 (Tex. Crim.
App. 1972; Smith v. State, 848 S.W.2d
891, 893 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d).  We have found no
authority, nor has the State cited any, that holds appellant must file another
application for writ of habeas corpus if the State re-indicts him for the same
charge.  A habeas corpus proceeding is to
secure discharge of one restrained of his liberty.  See Dahesh v. State, 51 S.W.3d
300, 302 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  The State=s
re-indictment did not change the fact that appellant is restrained of his
liberty on a pending charge of organized criminal activity; therefore, the
re-indictment did not affect the subject matter of appellant=s
writ of habeas corpus.  Accordingly, we
have jurisdiction over this appeal.

Article
17.151

In his first issue,
appellant contends the trial court erred in not reducing the bond to $50,000
due to the State=s
failure to show readiness for trial within ninety days of appellant=s arrest, pursuant to
article 17.151 of the Texas Code of Criminal Procedure. Section 1 of article
17.151 states in relevant part:

A defendant who is
detained in jail pending trial of an accusation against him must be released
either on personal bond or by reducing the amount of bail required, if the
state is not ready for trial of the criminal action for which he is being
detained within: (1) 90 days from the commencement of his detention if he is
accused of a felony; . . . .

Tex.
Code Crim. Proc. Ann. art. 17.151, '1. 

Thus,
if the State is not ready for trial within ninety days after commencement of
detention for a felony, the trial court has two options:  release on personal bond or reduce the bail
amount.  See Rowe v. State, 853
S.W.2d 581, 582 (Tex. Crim. App. 1993); Ex parte Ancira, 942 S.W.2d 46,
47 (Tex. App.─Houston
[14th Dist.] 1997, no pet.).








On November 19, 2002, appellant filed a motion to reconsider
his application for writ of habeas corpus. 
In that motion, appellant stated he had been in custody for more than
ninety days and asked to be released pursuant to article 17.151 of the Code of
Criminal Procedure.  Appellant contends a
hearing was held on his motion to reconsider, and at that time the State failed
to announce that it was ready for trial. 
This court has no record of a hearing on that date.  Cynthia J. Lee, the official court reporter
for the 184th District Court, filed a notice with this Court in which she
stated that no hearing was held in this matter on November 19, 2002, and
therefore, no reporter=s record was made.  The
court reporter stated she confirmed that neither the trial court=s
docket sheet nor her calendar showed a hearing in this matter on November 19,
2002.  Instead, appellant=s
counsel had a discussion with the trial judge in front of the clerk=s
desk without a formal hearing. 

A writ applicant bears the burden of proving facts that would
entitle him to relief.  Ex parte
Kimes, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993).  The record before us fails to reflect that
the State was not ready for trial within ninety days of appellant=s
confinement.  Our record reflects the
last hearing held on appellant=s application for writ of habeas corpus was October 24, 2002,
eighty-four days after appellant had been taken into custody.  Thus, the record before this Court does not
support appellant=s contention that the State failed to comply with article
17.151's ninety-day requirement.  Because
appellant failed to prove facts that would entitle him to relief, we find the
trial court did not abuse its discretion in denying relief.  Appellant=s first issue is overruled.

Excessive
Bail

In
his second through fifth issues, appellant contends the bond set by the trial
court is oppressively high and violates his rights under the United States and
Texas Constitutions. The primary purpose of an appearance bond is to secure the
presence of the accused at trial on the offense charged.  See Maldonado v. State, 999 S.W.2d 91, 93
(Tex. App.─Houston
[14th Dist.] 1999, pet. ref=d).  Bail balances the presumption of innocence of
the accused with the compelling interest of the State that the accused appear
to answer the accusation against him.  See Balboa v. State, 612 S.W.2d 553, 556
(Tex. Crim. App. 1981).  Bail should be
set high enough to give reasonable assurance that the defendant will appear at
trial, but it should not operate as an instrument of oppression.  Maldonado, 999 S.W.2d at 93.  The burden is on the person seeking the
reduction to demonstrate that bail is excessive.  Id.  The amount of bail is a matter resting within
the sound discretion of the trial court and there is no precise standard for
reviewing its determination.  Ex parte
Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979).  However, article 17.15 of the Code of
Criminal Procedure serves as a guide.








Article
17.15 provides that bail shall be set, in the exercise of discretion, and
according to the following rules:

1.  The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

2.  The power to require bail is not to be so
used as to make it an instrument of oppression.

3.  The nature of the offense and the circumstances
under which it was committed are to be considered.

4.  The ability to make bail is to be regarded,
and proof may be taken upon this point.

5.  The future safety of a victim of the alleged
offense may be considered.

Tex.
Code Crim. Proc. Ann. art. 17.15.

Other
circumstances and factors to be considered in determining the amount of bond
include: family ties, residency, ability to make bond, aggravating factors
involved in the offense, the defendant=s
work history, prior criminal record, and previous and outstanding bonds.  Ex parte Rubac, 611 S.W.2d 848, 849
(Tex. Crim. App. 1981).  Keeping in mind
it is appellant=s
burden to demonstrate that bail is excessive, we now review the evidence in
light of the Rubac factors and those listed in article 17.15.

A.        Sufficient Bail to Assure Appearance and
Bail as Instrument of Oppression

The
evidence indicates little that would keep appellant in the country if his bond
were significantly reduced.  The State
presented evidence that appellant knew that an outstanding arrest warrant had
issued and that he tried to raise money so that he could leave the
country.  Further, the trial court agreed
to reduce appellant=s
bond if he surrendered his passport.  The
trial judge explained the passport would be kept in a safe and would be
returned upon resolution of the charges. 
Appellant, however, refused to surrender his passport.  Although appellant has family ties to Harris
County, he has expressed a desire to flee.

B.        Nature of the Offense








The
amount of bail must also be based on the nature of the offense and the
punishment for the offense.  Appellant
was indicted for engaging in organized criminal activity.  Tex.
Pen. Code '
71.02.  If convicted, appellant could be
sentenced to between five and ninety-nine years in prison.  Tex.
Pen. Code '
12.32.  Houston Police Officer Mike
Ingels testified extensively about the nature of this offense.  The criminal activity alleged in the
indictment involves participating in a scheme to steal individuals= credit to fraudulently
purchase expensive vehicles.  The value
of the vehicles stolen is approximately $788,000.  In addition, 
Officer Ingels testified about appellant=s involvement in other
criminal activities relating to counterfeit checks and drug trafficking.

C.        Ability to Make
Bail

The applicant for writ of habeas corpus bears the burden of
proof when he claims that the amount of bail set is excessive.  Ex parte Rubac, 611 S.W.2d at
849.  Appellant did not testify at the
writ hearing.  The only evidence he
offered was the testimony of a bail bondsmen, John Burns.  Burns testified he had a telephone
conversation with one of appellant=s sisters about assets the family could use as collateral, and
based upon that conversation Burns concluded appellant could meet a bond of
$50,000.  There was absolutely no
testimony about appellant=s financial resources, and Burns had no information about
appellant=s personal finances.  

While appellant=s inability to make bail is a factor, it is not the sole
determining factor to be considered in setting bail.  Ex parte Gentry, 615 S.W.2d
228, 231 (Tex. Crim.
App. 1981). 
This factor alone does not make bond excessive.  See Ex parte Welch,
729 S.W.2d 306, 310 (Tex. App.─Dallas
1987, no pet.) (AIf
the ability to make a specified bond were determinative, then the trial court
would be relegated to the position of setting bail as determined by the
accused.@).








Appellant relies on Ex parte Bogia, 56 S.W.3d
835 (Tex. App.CHouston [1st Dist.] 2001, no pet.) in arguing that this factor weighs heavily in
his favor.  In Bogia, the court
determined that bail in the amount of $360,000 was excessive and ordered it
reduced to $10,000.  Id. at
840.  In that case, the trial court
followed the Harris County District Court Bail Schedule, which provides for
bail in cases of Alarge quantities of stolen property@
to be set at double the value of the property. 
The First Court of Appeals held that the facts in Bogia did not
justify such a high bail.  Bogia had
significant ties to the community, including a twelve-year-old child, and there
was no evidence of
flight.  Id. at 836.  In Ex parte Keller, 595 S.W.2d 531,
533 (Tex. Crim. App. 1980), cited in Bogia, bail for defendants accused
of receiving more than $1,000,000
worth of stolen property was ordered reduced to $10,000.  Again, the record in that case reflected more
extensive ties to the community than are shown in the cause before us and there
was no evidence of attempted flight.  See
id. at 532.  

Although
the trial court in this case also appears to have followed the Harris County
District Court Bail Schedule, the extraordinary circumstances concerning
appellant=s
attempt to raise money to flee the country and his refusal to surrender his
passport justify a bond at double the amount of the stolen property.

D.        Future Safety of the Community

There is no evidence appellant presents a threat of violence to
the community.

E.         The Remaining
Factors

Appellant presented no evidence of an established work record
in Harris County.  The State presented
evidence that appellant was the president of Vortex Development Incorporated, a
corporation that occupied empty office space and had no visible source of
income.  The State also presented
evidence that appellant was being investigated by the United States Treasury
Department for passing counterfeit checks and cash and that the DEA was investigating
appellant for drug trafficking.  In
addition, appellant has been previously convicted for unauthorized use of a
motor vehicle.

 








Conclusion

It is apparent from the record that the primary concern of the
trial court in setting bail was to assure that appellant would appear in any
future court proceedings, particularly in light of the testimony that appellant
had attempted to raise money to flee the country when he learned of the warrant
for his arrest.  The trial court agreed
to reduce appellant=s bond if he surrendered his passport.  Because appellant refused to surrender his
passport, his bond was not reduced.  Based
on the evidence in the record, we find appellant has failed to demonstrate that
the pretrial bail fixed by the trial court is oppressively high and violates
his rights under the state and federal constitutions.  When we consider the evidence relevant to the
factors set out in article 17.15 and Ex parte Rubac, we hold the trial
court did not abuse its discretion in setting bail at $1,600,000.  Appellant=s
second through fifth points of error are overruled.

The judgment of the trial court is affirmed.

 

 

PER
CURIAM

 

 

Judgment
rendered and Opinion filed June 19, 2003.

Panel
consists of Chief Justice Brister, and Justices Fowler and Edelman.

Do
Not Publish C Tex. R. App. P. 47.2(b).