# NO. 12-14-00062-CR
# 12-14-00063-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *COBY ROBERT GORDY,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Coby Robert Gordy appeals his convictions for burglary of a habitation. In both appeals, he argues in his sole issue that the trial court's order for restitution is unclear, incorrect, or insufficient as to the amount or to whom it should be paid, and that we should vacate the order and remand for a restitution hearing. We dismiss the appeals as moot.

### BACKGROUND

Appellant and his accomplices burglarized two homes during the morning hours of November 17, 2011. In January 2012, Appellant was indicted in two separate cases for burglary of a habitation. Appellant made an open plea of "guilty" without an agreed punishment recommendation on both charges. However, by the time of sentencing, the State recommended that Appellant be placed on deferred adjudication community supervision for a period of ten years on each offense. The trial court accepted Appellant's pleas and followed the State's recommendation. At the punishment hearing, the trial court also ordered that Appellant pay restitution, but it did not specify an amount, or to whom restitution should be paid, as part of its pronouncement. Rather, the trial court stated that restitution would be determined after the completion of a presentence investigation report (PSI). Forty-eight days later, as part of the

terms of Appellant's community supervision, the trial court ordered that he pay $6,195.39 as restitution, but did not state to whom it should be paid.

On August 30, 2012, the State filed a motion to adjudicate Appellant's guilt. In the motion, the State alleged that Appellant failed to adhere to the conditions of his community supervision, particularly, to refrain from using illegal drugs and to make restitution payments. After a hearing, the trial court declined to adjudicate Appellant's guilt and dismissed the motion. Instead, the trial court amended the terms of Appellant's community supervision and ordered that he complete the Substance Abuse Felony Punishment (SAFP) program.

On April 19, 2013, the State filed a second motion to adjudicate Appellant's guilt, alleging that he failed to complete the SAFP program. After a hearing, the trial court found that Appellant failed to complete the SAFP program as alleged in the State's motion. However, the trial court denied the motion to adjudicate, and allowed Appellant another attempt to complete the SAFP program.

On January 31, 2014, the State filed a third motion to adjudicate Appellant's guilt, alleging that Appellant again failed to complete the SAFP program. After a hearing, the trial court found that Appellant failed to complete the SAFP program. Accordingly, the trial court found Appellant guilty of both offenses, revoked his community supervision, and assessed his punishment at ten years of imprisonment for both offenses, to be served concurrently.

At the third adjudication hearing, the trial court did not orally pronounce that Appellant owed any amount of restitution. Moreover, the trial court's written judgment and order to withdraw funds included no order that Appellant pay restitution to anyone. Finally, the bill of costs does not show that Appellant owes restitution to the victims of the offense.

## RESTITUTION

In his sole issue, Appellant contends that the trial court's order for restitution is unclear, incorrect, or insufficient as to the amount to be repaid or to whom it should be paid.

### Standard of Review and Applicable Law

A sentencing court may order the defendant to make restitution to any victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2014). A sentence, including an order to pay restitution, shall be orally pronounced in the defendant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2014); *Taylor v. State*, 131 S.W.3d

2

497, 500 (Tex. Crim. App. 2004). An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.—Waco 2004, no pet.).

**<u>Discussion</u>**

Appellant argues that the trial court abused its discretion in ordering payment of $6,195.39 to an unknown party as an order amending the terms of his supervision, and that the order is incorrect and insufficient in the amount assessed based on the evidence in the PSI. He relies on the Texas Court of Criminal Appeals' decision in *Burt v. State*, and argues that the proper remedy is to remand the case for a new restitution hearing. *See Burt v. State*, 445 S.W.3d 752, 760-61 (Tex. Crim. App. 2014).

In *Burt*, the jury found the defendant guilty after a trial and sentenced him to a term of imprisonment. *Id.* at 755. The trial court pronounced that the defendant would pay restitution, but that the parties should agree on an amount and notify the court of the agreement. *Id.* The following day, the trial court assessed restitution in the absence of the parties without a hearing, entering a restitution order as part of its written judgment. *Id.* at 755-56. The court of criminal appeals ultimately concluded that because the parties knew that restitution would be owed, but the amount was unclear, incorrect, or insufficient, the proper remedy was to vacate the award and remand the case for a hearing on restitution in the trial court, rather than deleting the restitution order on appeal. *Id.* at 754, 760.

In contrast, the trial court in this case assessed restitution as a condition to the terms of Appellant's community supervision. Approximately two years later, the trial court adjudicated his guilt, found him guilty, revoked his community supervision, and sentenced him to ten years of imprisonment. At that hearing, the trial court did not orally pronounce that Appellant pay any amount of restitution to any person. Moreover, the trial court's written judgment does not assess restitution. Finally, the trial court's order withholding funds and the clerk's bill of costs do not reflect that Appellant owes any amount of restitution. Therefore, the holding in *Burt* is inapplicable to the facts of this case. *See id.*

A cause, issue, or proposition becomes moot when the appellate court's judgment cannot have any practical legal effect upon a controversy. *See Smith v. State*, 848 S.W.2d 891, 893 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Any opinion by an appellate court ruling on

3

a moot issue would be purely advisory, and Texas courts have no jurisdiction to issue advisory opinions. *See Armstrong v. State*, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991). When the appeal presents no actual controversy, the appeal is dismissed as moot. *See Fouke v. State*, 529 S.W.2d 772, 772 (Tex. Crim. App. 1975) (dismissing appeal as moot because defendant voluntarily paid fine and costs complained of in appeal); *Laney v. State*, 223 S.W.3d 656, 659 (Tex. App.—Tyler 2007, no pet.) (stating generally that appeals presenting no actual controversy are dismissed as moot). Since the trial court did not assess restitution against Appellant, there is no live controversy and the appeals are moot.

## DISPOSITION

Having determined that Appellant presents no live controversy, we *dismiss* Appellant's appeals as moot.

**BRIAN HOYLE**
Justice

Opinion delivered February 27, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 27, 2015**

**NO. 12-14-00062-CR**

**COBY ROBERT GORDY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0054-12)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed as moot.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed as moot**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 27, 2015**

**NO. 12-14-00063-CR**

**COBY ROBERT GORDY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0055-12)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed as moot.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed as moot**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*