**Opinion issued May 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-26-00439-CR**
**NO. 01-26-00440-CR**
**NO. 01-26-00441-CR**
**NO. 01-26-00442-CR**
**NO. 01-26-00443-CR**

———————————

**IN RE GIAMBI BOYD**

---

**Original Proceeding on Petition for Writ of Prohibition**

---

## MEMORANDUM OPINION

Giambi Boyd has filed a petition for a writ of prohibition. *See* TEX. GOV'T CODE § 22.221; *see also* TEX. R. APP. P. 52.1.  Boyd requested an order prohibiting respondent, the Honorable Justin R. Gilbert, Judge of the 412th District Court of Brazoria County, from proceeding with the trial already underway in the underlying

cases.[1]  Boyd argued that the trial court lacked jurisdiction to proceed with the trial because this Court's mandate has not yet issued in Boyd's appeal from the trial court's denial of his application for habeas relief on a pre-trial bail issue. *See Ex Parte Boyd*, No. 01-25-00681-CR, 2026 WL 771065, at *1 (Tex. App.—Houston [1st Dist.] Mar. 19, 2026, no pet. h.) (mem. op., not designated for publication).

But days after Boyd filed his petition, the trial concluded in the court below and resulted in his conviction.[2]  Accordingly, we dismiss Boyd's petition as moot.

A writ of prohibition can issue "only to prevent the threatened commission of a *future* act, and not to undo an act performed, and it cannot be used to review an act which has already been performed, or to annul or correct proceedings already terminated." *In re Smith*, 665 S.W.3d 449, 453 (Tex. Crim. App. 2022) (emphasis added) (internal quotations omitted).

---

[1]  The underlying cases are *State v. Giambi Boyd*, in the 412th District Court of Brazoria County, Texas:  Trial court case number 100532-CR is appellate cause number 01-26-00439-CR.  Trial court case number 100541-CR is appellate cause number 01-26-00440-CR.  Trial court case number 100542-CR is appellate cause number 01-26-00441-CR.  Trial court case number 105337-CR is appellate cause number 01-26-00442-CR.  Trial court case number 105338-CR is appellate cause number 01-26-00443-CR.

[2]  Boyd was originally indicted for aggravated assault in case number 100532-CR and for murder in case numbers 100541-CR and 100542-CR.  He was subsequently reindicted and convicted of the lesser-included aggravated robbery in case numbers 105337-CR and 105338-CR.  The State dismissed case numbers 100541-CR and 100542-CR.  As discussed below, case number 100532-CR remains pending in the trial court.

Accordingly, we must first consider our jurisdiction. "A court always has jurisdiction to determine whether it has jurisdiction over a matter, and jurisdiction is a systemic requirement that appellate courts must review regardless of whether the issue is raised by the parties." *Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016). Whether a court has subject-matter jurisdiction is a question of law. *Dixon v. State*, 455 S.W.3d 669, 674–75 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

Courts lack subject-matter jurisdiction to decide moot controversies. *See State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 480 (Tex. Crim. App. 1985). A case becomes moot if events during the pendency of a case make it impossible for a court to grant the requested relief or to otherwise affect the parties' rights or interests. *See Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004); *Lozano*, 692 S.W.2d at 480 ("[Because] the trial had occurred it was impossible to grant the relief requested, that of a trial before a different judge."); *State ex rel. Miles v. Jones*, 395 S.W.2d 612, 613 (Tex. Crim. App. 1965) (application for writ of prohibition became moot by occurrence of event sought to be prohibited). If a case becomes moot, it must be dismissed. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014).

Here, because the challenged trial has concluded, Boyd's mid-trial petition for a writ of prohibition to stop the trial from proceeding is moot and must be dismissed. *See id.*; *Lozano*, 692 S.W.2d at 480.

We notified the parties that it appeared that Boyd's petition for prohibition relief has become moot and subject to dismissal for want of jurisdiction. The State responded that Boyd's petition has become moot.

Boyd concedes in his response that his petition is moot with respect to the dismissed cases.[3] With respect to the two cases in which he was convicted,[4] Boyd argues that he is entitled, alternatively, to mandamus relief. But Boyd's petition indicates that he sought mandamus relief solely to "stay" the trial. Because the trial has concluded, it is impossible for the respondent to grant the requested relief. *See Lozano*, 692 S.W.2d at 480. Therefore, the matter is moot. *See id.*

Boyd argues that his petition is not moot with respect to the aggravated-assault charge because it has neither been tried nor dismissed.[5] He complains that, "unless this Court issues the prohibition" he seeks, "the trial court remains free to set the matter for trial at any time."[6] And therefore the complained-of trial court action is

---

[3]     Trial court case numbers 100541-CR and 100542-CR, which are appellate cause numbers 01-26-00440-CR and 01-26-00441-CR, respectively.

[4]     Trial court case numbers 105337-CR and 105338-CR, which are appellate cause numbers 01-26-00442-CR and 01-26-00443-CR, respectively.

[5]     Trial court case number 100532-CR, which is appellate cause number 01-26-00439-CR.

[6]     According to Boyd, "the bail set in that cause . . . is the same bail this Court has already adjudicated, in connection with the related causes, to be excessive and oppressive under Article 17.15 of the Texas Code of Criminal Procedure," in *Ex Parte Boyd*, No. 01-25-00681-CR, 2026 WL 771065 (Tex. App.—Houston [1st Dist.] Mar. 19, 2026, no pet. h.) (mem. op., not designated for publication).

4

"capable of repetition yet evading review"—an exception to the mootness doctrine, citing *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005).

But the exception is limited to situations in which (1) the challenged action is of such short duration that a party cannot obtain review before the issue becomes moot, *and* (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *See id.* at 688.

Here Boyd sought a writ of prohibition "to prevent Respondent from acting beyond the scope of his jurisdiction—proceeding to trial while this Court's mandate [in the habeas appeals] has not issued." But he waited until the second day of trial to file his challenge. He cannot now be heard to complain that the trial court's action in setting and commencing a trial evades judicial review. *See Smith v. State*, 848 S.W.2d 891, 893–94 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *see also Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (petitioner must show window for review "is always so short as to evade review"). Thus, Boyd's claim is not justiciable under the exception.[7]

---

But in *Boyd*, we concluded that the State failed to comply with article 17.151—not article 17.15—and we discussed the distinction. *Id.* at *2, *6. We noted that article 17.151 is a mandatory statute. *Id.* at *2. And we held that the State failed to meet its statutory burden to show readiness for trial within 90 days after Boyd's detention began. *Id.* at *6. We did not hold, as Boyd argues, that the amount of bail set was "excessive and oppressive" or "unconstitutional."

[7]    Moreover, issuance of our mandate in Boyd's habeas appeals has no bearing on the trial court's jurisdiction to proceed with trial in the underlying cases. The Texas Court of Criminal Appeals has "reaffirm[ed] that a habeas proceeding is a separate

Further, prohibition will issue "only to prevent the *threatened* commission of a future act." *In re Smith*, 665 S.W.3d at 453 (emphasis added).  Boyd does not assert that his aggravated assault charge is currently set for trial—or for any other imminent proceeding.  He states only that the case is generally "set for further proceedings consistent with the trial court's docket."  A possibility of future action is not sufficient to warrant extraordinary relief. *See In re State*, 180 S.W.3d 423, 425 (Tex. App.—Tyler 2005, orig. proceeding).

## Conclusion

We dismiss Boyd's petition for a writ of prohibition as moot in each cause number.  Further, we dismiss any pending motions as moot.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).

---

proceeding from a criminal prosecution." *Ex parte Sheffield*, 685 S.W.3d 86, 100 (Tex. Crim. App. 2023).  And a "pending appeal in a habeas proceeding does not by itself bar a trial court from going forward on the underlying criminal prosecution; the appeal only bars the trial court from acting in the habeas proceeding." *Id*. at 98–100 (explaining that "what authorizes the habeas appeal is the fact that the habeas proceeding is a separate action from trial" and discussing Texas Rule of Appellate Procedure 25.2(g)); *see also Ex parte Bui*, 983 S.W.2d 73, 75 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (failure to docket pretrial habeas proceedings under cause numbers separate from underlying criminal cases of no effect on jurisdiction).